W. C. COLLINS AND C. C. COLLINS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5986.     Decided October 19, 1926.

Value of certain farm lands at March 1, 1913, determined.

*D. Webster Egan, Esq.,* for the petitioners.
*A. Calder Mackay, Esq.,* and *George E. Adams, Esq.,* for the respondent.

The Commissioner determined deficiencies in income tax of W. C. Collins and C. C. Collins for the year 1919 in the respective amounts of $598.38 and $649, of which the amounts of $512.63 and $486.92 are in controversy. The deficiencies arise for the most part from the Commissioner's determination that the value of certain farm lands sold by the petitioners in 1919 was no greater at March 1, 1913, than at the date of acquisition in 1909. There appear to have been some minor errors in the petitioners' returns in respect of other matters, but the petitioners accept the adjustments made by the Commissioner except as to the basic value of the lands.

FINDINGS OF FACT.

The petitioners are members with equal interests in a partnership engaged in business in California, under the name of C. C. Collins & Co., and are entitled to equal shares in the distributive profits earned by such partnership. Some time in the year 1909 the partnership bought the southwest quarter of section 19, township 23, range 23, located in Tulare County, California, and the southeast quarter of section 24, township 23, range 22, located in Kings County, in the same State. These two quartersections adjoin and constitute one continuous tract of 320 acres, bisected north and south by the boundary line between the two counties. For these lands the partnership paid $40 an acre, and in addition it bought the water rights appertaining thereto for an additional consideration of $660. During the taxable year the partners sold the lands, including the water rights, for a net consideration in the amount of $27,353.46.

In its income-tax return for the year 1919 the partnership included in its gross income the amount of $1,005.05 as the net taxable gain resulting from the sale of the lands in question. This result was obtained by assigning a value of $75 per acre to the lands as of March 1, 1913, and by adding thereto the amount of $2,344.41, the alleged additional capital investment in the same prior to the date of sale but subsequent to March 1, 1913, and subtracting the total so obtained from the net sales price. Upon audit of such return

the Commissioner held that the value of the land at March 1, 1913, was no greater than the cost thereof, disallowed the additional capital investment asserted by the petitioners, held that the transaction resulted in a taxable gain in an amount not disclosed by the record, and determined the deficiencies here in question.

The land involved in this controversy is what is known in California as Tulare silt soil and is suitable for the production of wheat, barley, beans and sugar beets. When acquired by the petitioners it was under cultivation and a considerable portion was under an irrigation ditch which theretofore had been constructed along the north side of the tract. The partnership farmed the land during its ownership thereof, either directly or by leasing it to tenants.

In 1912, 340 acres of land similar to the tract in question, located in section 9 of the same township and range, on the same irrigation ditch, situated only two miles north and one and one-half miles east, were sold for $80 per acre. In 1913, 40 acres of similar land, located near by, were sold for $80 per acre.

The fair market value or price of the land involved in this controversy was $75 an acre at March 1, 1913.

OPINION.

LANSDON: The single issue in this proceeding is the determination of the fair market value or price of the land in question at March 1, 1913. To support their valuation of $75 per acre the petitioners introduced four witnesses, all of whom testified that they were familiar with lands and land values in the locality at the basic date.

W. C. Collins, one of the petitioners, testified that he had farmed the land, was familiar with land values in that neighborhood, and that in his opinion the tract was worth not less than $75 per acre at March 1, 1913. The second witness, the cashier of a bank in a nearby town, presented no testimony of any probative value.

R. Y. Williams, farmer and farm owner and for many years a judge of the Superior Court of Orange County, California, testified that he had owned section 9, township 23, range 23, for many years, that such section was located two miles east of the Collins' property, to which it is similar in soil and other attributes, and that it is similarly located on the main irrigation ditch that supplies water for agricultural purposes in that district. In October, 1912, he sold 340 acres of his section for $80 per acre, which, in his opinion, was the fair market value of the Collins' tract at that date and at March 1, 1913. George H. Smith testified that some time in 1913 he bought 40 acres of land near the Collins' property which was similar to that tract in soil, and that he paid $80 per acre therefor,

which, in his opinion, was the value of the tract in question at March 1, 1913.

The Commissioner introduced no evidence, either in support of his valuation of the tract in question at $40 per acre on March 1, 1913, or in rebuttal of the testimony of the petitioners' witnesses, which was not weakened or discredited by cross examination. We are of the opinion that the land involved in this proceeding had a fair market value of $75 per acre at March 1, 1913. There is no evidence of record to inform us whether the additional capital investment of $2,344.41 asserted by the petitioners was made before or after March 1, 1913, and therefore we exclude such amount from the cost of the property.

*Judgment will be entered on 20 days' notice, under Rule 50.*